IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-12-0247 |
| MARGARET JONES | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Margaret Jones's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c).[1] (ECF No. 127.) Jones pled guilty in 2013 to one count of conspiracy to produce child pornography, for which she received a sentence of 180 months of incarceration. (Plea Agreement, ECF No. 60; Judgment, ECF No. 83.) The Motion is fully briefed and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, the Motion will be denied.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release only after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

---

[1] The Government points out that Jones's Motion did not identify a source of authority under which the Court could grant her requested sentencing reduction. (Resp. Opp'n Mot. Compassionate Release, ECF No. 132, at 1–2.) In reply, Jones clarifies that she seeks compassionate release under § 3582(c). (Reply Supp. Mot. Compassionate Release, ECF No. 133, at 1.) In light of the Court's duty to liberally construe *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will construe the Motion as one for compassionate release under § 3582(c).

1

on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Jones satisfied the administrative exhaustion requirement by filing a request for compassionate release with her prison's administration on March 23, 2022. (Ex. A to Reply Supp. Mot. Compassionate Release, ECF No. 133-1, at 2.) The Court must therefore determine (1) whether Jones has established the existence of "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), and (2) if so, whether granting compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I. *Extraordinary and Compelling Reasons*

The United States Sentencing Commission ("Sentencing Commission"), pursuant to its mandate under 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction," has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of their term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "removed the BOP from [its] gatekeeping role," the Court of Appeals for the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy*, 981 F.3d 271, 274, 284 (4th Cir. 2020) (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Jones makes two main arguments concerning extraordinary and compelling grounds for compassionate release.[2] First, she argues that the "difficulties" caused by the COVID-19 pandemic, including extended lockdowns and restrictions on congregating, have made incarceration during the pandemic a "unique hardship" for her and others. (Reply Supp. Mot. Compassionate Release, ECF No. 133, at 2, 4.) Second, she has been diagnosed with several "chronic care conditions," including gastrointestinal disorders, chronic pain, and an "undiagnosed heart issue," and she is concerned about the quality of medical care that she is receiving while incarcerated. (*Id.* at 4; Ex. D to Reply Supp. Mot. Compassionate Release, ECF No. 133-1, at 8.)

The Court appreciates that these are troubling circumstances. However, it is not clear that either rises to the level of "extraordinary and compelling" within the meaning of § 3582(c). To the extent that courts have considered arguments about COVID-19 restrictions in this context, they have found that the "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." *See, e.g.*, *United States v. Hatcher*, Crim. No. KPF-18-0454, 2021 WL 1535310, at *3–*4 (S.D.N.Y. Apr. 19, 2021) (citation omitted) (granting compassionate release where defendant proffered "a confluence of circumstances unique to her case—and beyond just the harsh conditions of incarceration occasioned by the pandemic"). With respect to Jones's health, the Court is guided by the Sentencing Commission's instruction that a medical condition is extraordinary or compelling only if it is either terminal or so "serious . . . [as to] substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1 (A).

---

[2] Jones also mentions wanting to be home to support her adult children following their father's death in 2021. (ECF No. 127 at 3.) In view of Sentencing Commission guidance that lists only the need to care for *minor* children as an extraordinary and compelling reason for compassionate release, U.S.S.G. § 1B1.13 cmt. n.1 (C), the Court declines to find this circumstance extraordinary and compelling.

Jones has provided no evidence indicating that any of her medical conditions are terminal or serious enough to satisfy the Sentencing Commission's guidance, and she has not otherwise persuaded the Court that her medical needs are so urgent as to warrant early release. (*See generally* ECF Nos. 127, 133.)

Accordingly, while the challenges that Jones cites certainly warrant consideration, they do not, without more, establish extraordinary and compelling reasons for compassionate release. Even assuming that they did, the factors outlined in § 3553(a) do not support a sentencing reduction in this case.

## II. Section 3553(a) Factors

18 U.S.C. § 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including:

> (1) [the defendant's] personal history and characteristics; (2) [her] sentence relative to the nature and seriousness of [her] offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

*United States v. Bryant*, Crim. No. CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

In her Motion for Compassionate Release, Jones describes herself as a "first time offender with a history of trauma and abuse" who has used her incarceration to "get well [and] grow stronger and wiser." (ECF No. 127 at 1.) The Court agrees with that assessment. Prior to the instant offense, Jones had a minimal criminal history. (*See* Presentence R. & R., ECF No. 71, ¶¶ 28–38.) When it sentenced Jones, the Court acknowledged that although she had "committed a heinous offense, . . . she did so while under the powerful and dominating influence of her codefendant" and then-partner, John Andrew Blaes; accordingly, the Court departed downward from the

4

sentencing guidelines range of 324 to 360 months and imposed on Jones the statutory minimum sentence of fifteen years. (Statement of Reasons, ECF No. 84.) Additionally, Jones has provided significant evidence of her rehabilitative efforts while incarcerated, including educational certificates, commendations for teaching classes to other incarcerated women, letters of support from family and prison staff, and a completely clean disciplinary report. (Exs. B–F to Mot. Compassionate Release, ECF Nos. 127-3–127-7.)

But while the Court commends Jones on her evident commitment to rehabilitation, it finds the most important § 3553(a) factor in this case to be the seriousness of Jones's underlying conduct. This was a deeply serious crime during which Blaes and Jones inflicted grave physical and psychological injuries on a minor victim. (*See generally* Presentence R. & R. ¶¶ 7–11.) While Jones undoubtedly played a secondary role in the offense, she still participated, and a sentence reduction now would undercut the important objectives of general and specific deterrence from such conduct. Accordingly, when taking all of the § 3553(a) factors into account, the Court concludes that a sentence reduction in this case would be inappropriate.

### III.    Conclusion

For the reasons stated above, it is hereby ORDERED that Defendant Margaret Jones's Motion for Compassionate Release (ECF No. 127) is DENIED.

Dated this 13 day of January, 2023.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge